[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 110
This is an action for damages brought by the plaintiff, Christopher J. Rosati, Administrator of the Estate of Leonard D. CT Page 2412 Rosati, against the defendant, Robert Minihane. The complaint alleges that the defendant entered into an oral agreement with Gregory McElroy of Pompano Beach Florida.[1] McElroy operated a sole proprietorship known as "Professional Yacht." The agreement provided that in consideration of the payment of a sum of money, McElroy agreed to drive from Florida to Massachusetts, load Minihane's twenty-four foot boat onto McElroy's boat trailer and then haul said boat to Florida. The complaint further alleges that McElroy drove to Massachusetts and picked up Minihane's boat as agreed, however, during McElroy's return trip to Florida, with Minihane's boat in tow, the trailer's right center wheel axle broke causing the tire, wheel and rim assembly, and a portion of the axle to careen across the median dividing Interstate 95 and strike the vehicle being operated by the decedent Leonard Rosati, causing Rosati to sustain a massive head injury which caused his death.
On August 21, 1996, the defendant filed a motion for summary judgment as to the first count of the plaintiff's complaint together with a supporting memorandum and two exhibits.[2] On November 10, 1997, the plaintiff filed an objection to the defendant's motion for summary judgment along with five exhibits. On December 15, 1997, the defendant filed a reply to the plaintiff's objection. On January 5, 1998, this court heard oral argument on the defendant's motion for summary judgment [#110].
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citations omitted; internal quotations marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., CT Page 2413235 Conn. 185, 202, 663 A.2d 1001 (1995); see Practice Book § 384.
The defendant argues that he is entitled to summary judgment because there is no genuine issue as to the fact that McElroy was an independent contractor, and therefore, the defendant cannot be vicariously liable for McElroy's acts or omissions as a matter of law. The plaintiff counters that McElroy was the defendant's agent and agency is a question of fact that cannot be adequately resolved by the court on a motion for summary judgment.
"It has long been established that [t]he fundamental distinction between an employee and an independent contractor depends upon the existence or nonexistence of the right to control the means and methods of work. . . . The test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent. . . . An independent contractor has been defined as one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." (Citations omitted; internal quotation marks omitted.) Tiantiv. William Raveis Real Estate, Inc., 231 Conn. 690, 696-97,651 A.2d 1286 (1995).
"The determination of the status of an individual as an independent contractor or employee is often difficult . . . and, in the absence of controlling considerations, is a question of fact." (Citations omitted.) Latimer v. Administrator,216 Conn. 237, 249, 579 A.2d 497 (1990). The right to discharge is a strong indication that the relationship as between two parties is one of employment or agency rather that of independent contract. Id. In the present case, the defendant terminated McElroy following the accident and arranged for alternate boat hauling services.
Moreover, "[t]he existence of agency is a question of fact to be determined by the trier of fact." Gateway Co. v. DiNoia,232 Conn. 223, 240, 654 A.2d 342 (1995). Where an issue of agency is raised by a motion for summary judgment and creates a question of material fact, the motion for summary judgment is properly denied. Blacknell-Manker v. H.N.S. Management Co.d/b/a as Connecticut Transit, Superior Court, judicial district CT Page 2414 of Hartford/New Britain at Hartford, Docket No. 550587 (March 20, 1996, Wagner, J.); Towns v. Scipio, Superior Court, judicial district of New Haven, Docket No. 363833 (May 26, 1995, Hartmere, J.).
Based upon all of the foregoing, it is clear that a genuine issue of material fact exists, and therefore, the court denies the defendant's motion for summary judgment.
THE COURT,
MAIOCCO, JUDGE